**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00544-PAB-NYW

GEORGE WEEKS,

    Plaintiff,

v.

PA BARKMAN,
PA DYER, and
DR. OBA,

    Defendants.

**ORDER**

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff George Weeks's ("Plaintiff" or "Mr. Weeks") Motion Requesting Appointment of Counsel ("Motion to Appoint Counsel" or "Motion") [#55, filed December 14, 2020]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated September 30, 2020 [#42], and the Memorandum dated December 15, 2020 [#56]. Having reviewed the Motion, the case file, and the applicable law, Plaintiff's Motion to Appoint Counsel is **DENIED without prejudice** as premature.

Plaintiff initiated this action *pro se* on February 26, 2020.[1] *See* [#1]. After the Honorable Gordon P. Gallagher issued an Order Directing Plaintiff to Cure Deficiencies [#4], granted Plaintiff leave to proceed *in forma pauperis* [#8], and issued an Order Directing Plaintiff to File Amended

---

[1] Because Mr. Weeks proceeds pro se, this court affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

Prisoner Complaint [#11], Mr. Weeks filed an Amended Prisoner Complaint on May 7, 2020 [#13]. Therein Mr. Weeks, who is currently incarcerated at the Federal Correctional Institution in Englewood, Colorado ("FCI Englewood"), asserts an Eight Amendment claim against Defendants P.A. Barkman, P.A. Dyer, and Dr. Oba (collectively, "Defendants") for deliberate indifference to his serious medical need premised on Defendants' allegedly unconstitutional treatment of a back injury Mr. Weeks sustained while in state custody. *See generally* [*id.*].

On June 10, 2020, Judge Gallagher issued an Order Drawing Case [#14] and this case was drawn to the undersigned. Upon the Parties' non-consent to the jurisdiction of a magistrate judge [#40], this action was reassigned to the Honorable Philip A. Brimmer on September 29, 2020 [#41]. Chief Judge Brimmer subsequently referred this matter to the undersigned. [#42]. Presently before the court is Plaintiff's Motion to Appoint Counsel. *See* [#55].

**ANALYSIS**

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). But the court cannot appoint counsel; instead, the court can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (*citing Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (providing factors that the court should consider in determining whether to appoint pro bono counsel). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*,

2

393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

Plaintiff argues that his circumstances favor appointment because (a) FCI Englewood has been locked down since December 1, 2020, thereby preventing inmate access to any communication devices and/or the facility's law library [#55 at ¶ 3]; (b) he has demonstrated an inability to articulate his arguments [*id.* at ¶ 4]; (c) he lacks "the ability to investigate the facts, case law, or technical issues because every inmate at FCI Englewood has been cut off from the outside world," [*id.* at ¶ 5]; and (d) he is untrained in the complexities and legalities of law [*id.* at ¶ 6].

Upon review of the docket and Plaintiff's filings, this court concludes that appointment of counsel is unwarranted presently, and denies the instant Motion as premature. While this court acknowledges the challenges posed by the COVID-19 pandemic and the resulting limited access to the law library, such challenges and restrictions are, unfortunately, not unique and Mr. Weeks fails to articulate specific factors that warrant the appointment of counsel in his particular circumstances. As Mr. Weeks asserts a single claim against Defendants, *see* [#13], the court finds that the legal issues and facts presented are not uniquely complex such that counsel is warranted. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness."). Moreover, Mr. Weeks is reminded that, because he appears *pro se*, this court construes his filings liberally and will consider his access (or lack thereof) to the FCI Englewood law library when reviewing his filings. Indeed, while the court applies the same procedural rules and substantive law to Plaintiff as to a represented party, it "review[s] his pleadings and other papers liberally and

hold[s] them to a less stringent standard than those drafted by attorneys," *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also supra* n.1.

Finally, the court notes that there are two fully briefed Motions to Dismiss pending before the undersigned for Recommendation in this matter. *See* [#49; #50; #51; #52; #53; #54]. Given the early procedural posture of this case and the fully briefed Motions to Dismiss pending before the undersigned, this court finds Plaintiff's Motion premature.  Should circumstances change as this case progresses, Mr. Weeks may file a motion requesting counsel at that time.  *See McCullon v. Parry*, No. 18-CV-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) ("Based on the court's conclusion above, I find it appropriate under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) to seek appointment of pro bono counsel given that this matter is now moving to trial."  (emphasis added)).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)      Plaintiff's Motion [#55] is **DENIED without prejudice**; and

(2)      A copy of this Order shall be sent to:

> George Weeks #03568-046
> Englewood Federal Correctional Institution
> Inmate Mail/Parcels
> 9595 West Quincy Avenue
> Littleton, CO 80123
>
> Case Manager for George Weeks #03568-046
> Englewood Federal Correctional Institution
> Inmate Mail/Parcels
> 9595 West Quincy Avenue
> Littleton, CO 80123

DATED: December 16, 2020           BY THE COURT:

                                   _____
                                   Nina Y. Wang
                                   United States Magistrate Judge

5