IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 20-cv-00544-PAB-NYW

GEORGE LOWRY WEEKS,

    Plaintiff,

v.

PA BARKMAN,
PA DYER, and
Dr. OBA

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on plaintiff's Motion Requesting a Preliminary Injunction [Docket No. 59].

    On February 26, 2020, plaintiff filed his complaint.  Docket No. 1.  On May 7, 2020, plaintiff filed an amended complaint, bringing a single claim for deliberate indifference in violation of the Eighth Amendment.  See Docket No. 13 at 4-5.  Specifically, plaintiff alleges that he has a compression fracture in his back and that, since his arrival at FCI Englewood in Englewood, Colorado, defendants have failed to properly treat his back condition and resulting pain.  See id.

    On January 29, 2021, plaintiff filed a motion for preliminary injunction.  See Docket No. 59.  He argues (1) that he was subject to excessive force by "CO" Ward, (2) retaliation by Lt. Cooper and Lt. Marrero, (3) failure to treat a wrist injury by EMT Duck,

EMT Williamson, and defendant Barkman, and (4) mishandling of his legal papers. *See id.* at 1-5.

"A preliminary injunction is . . . appropriate to grant intermediate relief *of the same character* as that which may be granted finally." *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (unpublished) (emphasis added) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Here, plaintiff requests relief based on unrelated actions not alleged in his complaint and, therefore, is not "of the same character" of the relief which his complaint seeks. *See id.* While plaintiff's complaint seeks compensatory damages and medical expenses as a result of defendants' failure to treat his back issues, *see* Docket Nos. 13, 21,[1] his motion for preliminary injunction seeks "a preliminary injunction against FCI Englewood" regarding excessive force, retaliation, medical issues regarding his wrist, and mishandling of his legal papers. *See* Docket No. 59 at 1-5. As a result, the relief requested in plaintiff's motion for preliminary inunction is "on [] matter[s] lying wholly outside the issues in [his] suit." *Hicks*, 332 F. App'x at 508 (quoting *De Beers*, 325 U.S. at 220). Therefore, plaintiff's motion will be denied.[2]

---

[1] Plaintiff's complaint is contained at three different places in the docket, *see* Docket No. 23, and his relief is found at Docket No. 21.

[2] The Court also notes that plaintiff seeks relief against several defendants not named or served in this action, further preventing him from securing a preliminary injunction against those defendants.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion Requesting a Preliminary Injunction [Docket No. 59] is **DENIED**.

DATED February 17, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge