IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 20-cv-00544-PAB-NYW

GEORGE LOWRY WEEKS,

Plaintiff,

v.

LIEUTENANT COMMANDER BARKMAN,
COMMANDER DYER, and
DR. OBA

Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Nina Y. Wang, filed on March 22, 2021 [Docket No. 71]. The magistrate judge recommends granting defendants' motions to dismiss [Docket Nos. 49, 51] plaintiff's amended complaint.[1] Docket No. 71 at 19-20. Plaintiff filed an objection to the recommendation [Docket No. 73] and defendants filed a response to the objection [Docket No. 74].[2]

## I. BACKGROUND

The background facts are set forth in the magistrate judge's recommendation, Docket No. 71, and the Court adopts them for the purposes of ruling on plaintiff's

[1] The magistrate judge read Docket Nos. 13, 20, and 21 together as the operative pleading in this case. Docket No. 71 at 2 n.2.

[2] On May 3, 2021, plaintiff filed a motion seeking a ninety day extension of time to file a reply to defendants' response, Docket No. 75, which the Court granted. Docket No. 78. Plaintiff's reply was due August 2, 2021, *id.*, but plaintiff has not filed a reply. Accordingly, the objection is fully briefed.

objection. Plaintiff brings a single claim for deliberate indifference in violation of the Eighth Amendment against defendants Barkman, Dyer, and Dr. Oba. *See* Docket No. 13 at 4-5. Specifically, plaintiff alleges that he has a compression fracture in his back and that, since his arrival at FCI Englewood in Englewood, Colorado, defendants have failed to properly treat his back condition and resulting pain. *See id.*

On October 26, 2020, defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted and arguing that they are entitled to qualified immunity. Docket No. 49. On October 28, 2020, defendants Barkman and Dyer filed an additional motion to dismiss arguing that the Court lacked subject matter jurisdiction over them because they are immune from suit under 42 U.S.C. § 233(a). Docket No. 51 at 1. The magistrate judge recommends granting Barkman and Dyer's motion to dismiss for lack of subject matter jurisdiction and dismissing plaintiff's claim against them without prejudice. Docket No. 71 at 10. The magistrate judge additionally recommends finding that plaintiff fails to state a claim against Dr. Oba, *id.* at 16, and that Dr. Oba is entitled to qualified immunity. *Id.* at 18. Plaintiff makes two objections: (1) defendants' actions were not within the scope of their employment because they did not comport with the standard of care, and therefore defendants are not entitled to immunity; and (2) plaintiff's injury was obvious, but defendants failed to treat it. Docket No. 73 at 3-5.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson,* 534 F.3d at 1286 (alteration marks omitted).

A motion under Rule 12(b)(1) is a request for the court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff generally bears the burden of establishing that the court has jurisdiction. *Basso v. Utah Power & Light Co*., 495 F.2d 906, 909 (10th Cir. 1974). When the court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City & Cnty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556, at *1 (D. Colo. Sept. 24, 2012).

The Court will "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). Plaintiff filed a timely and specific objection to certain portions of the recommendation, Docket No. 73; the Court will therefore conduct de novo review of those portions. In

light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

**III. ANALYSIS**

**A. Defendants Barkman and Dyer**

The magistrate judge found that 42 U.S.C. § 233(a) grants Barkman and Dyer immunity from suit regarding the performance of medical duties within the scope of their employment. Docket No. 71 at 10. Plaintiff objects to this finding, arguing that because Barkman and Dyer failed to follow the standard of care, they were not acting within the scope of their employment.[3] Docket No. 73 at 3-5. Barkman and Dyer are commissioned officers with the Public Health Service ("PHS"). Docket No. 71 at 8; *see also* Docket Nos. 51-1, 51-2. Plaintiff brings one claim against them pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for violating his Eighth Amendment rights. Docket No. 13 at 3.

In *Hui v. Castaneda*, 559 U.S. 799, 806 (2010), the Supreme Court stated that

> [42 U.S.C. §] 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct. By its terms, § 233(a) limits recovery for such conduct to suits against the United States.

The Court held that "the immunity provided by § 233(a) precludes *Bivens* actions against individual PHS officers or employees for harms arising out of conduct described in that section." *Id.* at 812. Plaintiff's *Bivens* claim is thus barred so long as Barkman

[3] Plaintiff does not object to the magistrate judge's consideration of materials outside the pleadings in resolving a factual Rule 12(b)(1) challenge to jurisdiction, and the Court finds no clear error in this decision.

and Dyer were acting within the scope of their employment. *See id.*

Plaintiff argues that Barkman and Dyer's actions were not within the scope of their employment because they did not follow the standard of care. Docket No. 73 at 3-5. Plaintiff cites no caselaw to support this proposition, *see id.*, and the Court rejects it as contrary § 233(a). *See Camerano v. United States*, 196 F. Supp. 3d 172, 180 (D. Mass. 2016) (finding court did not have jurisdiction over *Bivens* claim brought against PHS employees when plaintiff alleged that defendants violated the standard of care). Because Barkman and Dyer's alleged action and inaction were related to plaintiff's medical care, the Court finds that they were acting within the scope of their employment. *See Hui*, 559 U.S. at 811 ("[P]roof of scope is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period."); *Pitts v. Fed. Bureau of Prisons*, No. 20-cv-01422-RM-KLM, 2021 WL 849812, at *3 (D. Colo. Feb. 16, 2021) (finding that allegations arising from performance of medical function were within the within the scope of employment of PHS employee); *Trap v. United States*, 2016 WL 6609212, at *2 (C.D. Cal. Mar. 7, 2016) (finding allegations related to medical care PHS defendant did or did not provide was within scope of employment). Accordingly, the Court will overrule plaintiff's objection and deny the claim against Dyer and Barkman without prejudice.

**B. Defendant Oba**

Plaintiff brings one claim against Dr. Oba for deliberate indifference to plaintiff's serious medical needs. Docket No. 13 at 4. The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious

medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A claim for deliberate indifference has both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). To satisfy the subjective component, a prisoner must demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Id.* (quotation marks and citation omitted).

The magistrate judge recommends finding that Dr. Oba is entitled to qualified immunity on this claim. Docket No. 71 at 18. Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A court should resolve questions of qualified immunity at the earliest possible stage of litigation. *Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987). However, a plaintiff facing a qualified immunity challenge does not have a heightened pleading standard. *Currier v. Doran,* 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show

(assuming they are true) that the defendants plausibly violated their constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs*., 519 F.3d 1242, 1249 (10th Cir. 2008)). When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

The magistrate judge recommends finding that plaintiff failed both prongs of qualified immunity. Docket No. 71 at 17-18. The magistrate judge found that plaintiff failed to plead the subjective prong of deliberate indifference because plaintiff merely pled disagreement with the course of Dr. Oba's treatment. *Id.* at 14, 16. Thus, plaintiff failed to state a cognizable constitutional claim against Dr. Oba. *Id.* at 16. Because the magistrate judge found that plaintiff failed to state a claim against Dr. Oba, the magistrate judge found that the first factor in qualified immunity – that defendant's action violated a constitutional right – was not satisfied. *Id.* at 17. However, the magistrate judge went on to consider whether, if plaintiff had met this factor, the right was clearly established. *Id.* The magistrate judge found that it was not. *Id.* at 17-18.

Plaintiff's objection is focused on the magistrate judge's first recommendation – that plaintiff did not plead sufficient facts, taken as true, to find that Dr. Oba violated his

constitutional rights. *See* Docket No. 73 at 3-5. Plaintiff did not object to the portion of the recommendation finding that Dr. Oba did not violate plaintiff's clearly established rights. *See id*. The Court is cognizant that plaintiff is an unrepresented prisoner, and has construed his filings liberally. *See Haines*, 404 U.S. at 520. However, the Court cannot make arguments for plaintiff that he did not raise. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) ("[O]ur role is not to act as [plaintiff's] advocate."); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Plaintiff did not object to this portion of the recommendation, and the Court finds "no clear error in the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Accordingly, the Court will accept the magistrate judge's recommendation that Dr. Oba is entitled to qualified immunity because he did not violate clearly established law.[4] *See Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (stating that if a plaintiff fails to satisfy either prong of the qualified-immunity analysis, the court must grant the defendant qualified immunity).

Even if the Court were to conduct de novo review of this portion of the recommendation, the Court would agree with the magistrate judge that Dr. Oba did not violate clearly established law. "Ordinarily, for the law to be clearly established, there

[4] Because the conclusion that Dr. Oba did not violate clearly established law is sufficient to entitle Dr. Oba to qualified immunity in this suit, the Court need not decide whether plaintiff alleged a constitutional violation. *See Est. of Vallina v. Petrescu*, 757 F. App'x 648, 651 n.1 (10th Cir. 2018) (unpublished) ("Because [defendant] asserted a qualified immunity defense in her motion to dismiss, plaintiffs bore the burden to demonstrate that both: (1) their factual allegations established a constitutional violation and (2) that the right was clearly established at the time of the alleged misconduct."). Accordingly, the Court will overrule as moot the portion of plaintiff's objection arguing that he sufficiently alleged a constitutional violation.

must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (internal quotation marks omitted). The law that must be clearly established should be particularized to the facts of the case. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) ("Today, it is again necessary to reiterate the longstanding principle that clearly established law should not be defined at a high level of generality. As this Court explained decades ago, the clearly established law must be particularized to the facts of the case." (internal quotations and citations omitted)). It is not the general right to be free from deliberate indifference that must be clearly established, but the right to stronger pain medication and additional treatment in a situation such as plaintiff's. Plaintiff has not demonstrated that this right was clearly established. *See Cox v. Glanz*, 800 F.3d 1231, 1245, 1247 (10th Cir. 2015) (merely asserting that the constitutional "right to adequate medical care and to be free from deliberate indifference ha[d] been clearly established for decades," was insufficient to show law was clearly established); *cf. Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.").[5] Accordingly, the Court will accept the portion of the recommendation

[5] Plaintiff's complaint also seeks injunctive relief, which the magistrate judge recommends denying. *See* Docket No. 71 at 19. Plaintiff did not object to this portion of the recommendation, and the Court finds "no clear error in the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

finding that Dr. Oba is entitled to qualified immunity and dismiss the claim against him.[6]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge Nina Y. Wang [Docket No. 71] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's Motion Objecting to the Recommendation of the United States Magistrate Judge and I Wish to Appeal to the District Court [Docket No. 73] is **OVERRULED**. It is further

**ORDERED** that Defendants' Motion to Dismiss Claims Against Defendants Barkman and Dyer [Docket No. 51] is **GRANTED**. It is further

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 49] is **GRANTED IN PART** as to defendant Dr. Oba, and **DENIED AS MOOT** as to defendants Barkman and Dyer in light of the dismissal of the claim against them for lack of subject matter jurisdiction. It is further

**ORDERED** that the claim against defendants Barkman and Dyer is dismissed without prejudice. It is further

**ORDERED** that the claim against Dr. Oba is dismissed with prejudice. It is further

---

[6] The magistrate judge did not recommend whether the dismissal of the claim against Dr. Oba should be with or without prejudice. *See* Docket No. 71 at 18 n.9. The Court will dismiss the claim against Dr. Oba with prejudice because he is entitled to qualified immunity. *See Clark*, 625 F.3d at 692 (instructing the district court to grant defendants' motion to dismiss based on qualified immunity "with prejudice"); *McCrary v. Jones*, 2015 WL 873641, at *6 (W.D. Okla. Feb. 27, 2015) (dismissing claim with prejudice where defendant was entitled to qualified immunity).

**ORDERED** that this case is closed.

DATED September 13, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge